**L.C. HARDIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–216–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 29, 1991.

Brett D. Boone, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall and Edward L. Wilkinson, Assts., Fort Worth, for the State.

Before JOE SPURLOCK, II, FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, L.C. Hardin, appeals from a conviction by the jury for possession of a controlled substance of less than twenty-eight grams. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Pamph.1991). Punishment was assessed by the court at forty-five years in the Institutional Division of the Texas Department of Criminal Justice.

We affirm.

Appellant asserts three points of error. First, Hardin claims the State's exhibits were the fruits of an illegal arrest, search and seizure. Secondly, Hardin asserts the trial court should have submitted a jury instruction on probable cause. And finally, he argues that the trial court should have allowed the defense evidence on necessity.

Officer E.L. Herrera testified that on the morning of January 12, 1989, he was routinely checking the license numbers of cars parked in motel lots frequented by thieves. Herrera's computer sweep revealed that the license plates on one of the vehicles in the lot did not match the vehicle description on file with the Texas Department of Motor Vehicles. The police decided to periodically check on the vehicle between patrol calls.

Later that day Officer Herrera saw Hardin driving the car and turned on his lights and siren to initiate a traffic stop. During the stop the officer explained to Hardin that the plates on his vehicle did not match the type of vehicle registered with the department, a motor vehicle offense. As Hardin spoke, Officer Herrera noticed a syringe filled with a milky white liquid in the left inner pocket of Hardin's jacket. Herrera testified that his training and experience told him that such syringes are often used to transport narcotics in ready form to be used immediately. Furthermore, Herrera had made several drug arrests at the motel where the car was first seen.

Herrera reached down and withdrew the syringe from Hardin's pocket. Herrera testified he was skeptical that the needle contained insulin, because of the fact that insulin is a clear liquid. After a short conversation, Officer Herrera then informed appellant that he was under arrest for possession of a controlled substance. Officer Abbott appeared on the scene to assist, then searched Hardin. Abbott found a small baggy containing a yellow powdery substance in Hardin's lower right jacket pocket. Later tests of the substance in the syringe and the yellow substance in the baggy indicated that both were methamphetamine, a controlled substance.

■ In his first point of error, Hardin argues that the State's exhibits—the evi-

dence envelope used by the arresting officers to secure the evidence, the syringe found on Hardin at the time of his arrest, the yellow substance confiscated from Hardin after his arrest, and the crime lab analysis of the syringe and substance—constituted the fruit of an illegal arrest and search and seizure. Hardin's argument asserts that the arrest was illegal because probable cause must exist for arrest without a warrant, and there was none here. We disagree.

The seizure of items within "plain view" may be reasonable when the arresting officer has no warrant if: 1) the officers must lawfully be on the premises or otherwise properly be in a position from which they can view a particular item and have lawful access to it; and 2) it must be immediately apparent that the incriminating evidence is seizable as evidence of a crime. *Horton v. California*, 496 U.S. 128, ——, 110 S.Ct. 2301, 2307–08, 110 L.Ed.2d 112, 123 (1990).

In the present case, it is undisputed that Officer Herrera lawfully detained Hardin to investigate a violation of the motor vehicle laws. Thus, we must consider whether the seizure came within the second prong of the test.

■ The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). When probable cause exists the officer may seize the incriminating items without a warrant. *Colorado v. Bannister*, 449 U.S. 1, 3–4, 101 S.Ct. 42, 43, 66 L.Ed.2d 1, 4 (1980) (per curiam). Probable cause is a flexible, common-sense standard, merely requiring that the facts available to the officer would warrant a man of reasonable caution to believe that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

In *Brown*, the Supreme Court stated that "if, while lawfully engaged in an activity in a particular place, police officers perceive a suspicious object, they may seize it immediately." *Id.* 460 U.S. at 739, 103 S.Ct. at 1542, 75 L.Ed.2d at 512. Hardin was properly stopped for the motor vehicle offense of driving a vehicle whose plates did not match the type of vehicle registered with the Texas Department of Motor Vehicles. While engaged in this activity Officer Herrera saw the syringe in Hardin's jacket.

In the present case we find that Officer Herrera possessed probable cause to believe the syringe in Hardin's pocket contained a controlled substance. Herrera testified he was aware from his training and experience that such syringes are often used to transport narcotics in ready form to be used immediately. Additionally, the car Hardin was driving was originally seen parked in a hotel where Officer Herrera had made several drug arrests in the past and was a frequent "drug hangout."

We find the instant case to be similar to *Texas v. Brown*. In that case, the accused was stopped by officers as part of a routine license check. *Id.*, 460 U.S. at 733, 103 S.Ct. at 1539, 75 L.Ed.2d at 508. When the officer requested the accused's driver's license, a green party balloon dropped onto the floorboard in his car. *Id.* Because of previous experience in arrests for drug offenses, the officer was aware that narcotics frequently were packaged in balloons. *Id.*, 460 U.S. at 734, 103 S.Ct. at 1539, 75 L.Ed.2d at 508. While the accused looked for his license in the glove compartment, the officer managed to glimpse several small vials containing white powder. *Id.* He then placed the accused under arrest. *Id.*

The Supreme Court upheld the validity of the seizure and the arrest. The Court concluded that the officer was not required to *know* that the balloon contained contraband prior to seizing it. *See id.*, 460 U.S. at 743, 103 S.Ct. at 1543–44, 75 L.Ed.2d at 514. The officer, the Court stated, "possessed probable cause to believe that the balloon in Brown's hand contained an illicit

substance." *Id.*, 460 U.S. at 742, 103 S.Ct. at 1543, 75 L.Ed.2d at 514.

Herrera lawfully viewed the syringe in Hardin's pocket and had probable cause to believe it was subject to seizure. The facts available to Officer Herrera would warrant a man of reasonable caution to believe the item was contraband. Therefore, we conclude Officer Herrera properly seized the syringe from Hardin's pocket. Hardin's first point of error is overruled.

■ In his second point of error Hardin argues an instruction on probable cause should have been submitted to the jury, as required by TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1991) which states:

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

*Id.* The sole basis for Hardin's proposed instruction is his assertion that Officer Herrera's testimony was conflicting as to exactly *when* during the entire transaction appellant was arrested. On cross-examination Herrera was asked if at the time he seized the syringe he placed Mr. Hardin under arrest, and he answered yes. Then later on redirect, he was asked if after he took the syringe out of Hardin's pocket "[d]id you then immediately inform the Defendant he was under arrest before asking him anything else?", and he answered, "No, sir, at first I gave him the benefit of the doubt.... I asked him if he was a diabetic and maybe it was insulin he was taking." If there was conflicting testimony about exactly when Hardin was arrested, it was made clear to the jury on redirect by the officer's own testimony that when the officer confiscated the syringe, "[i]n my mind, he was going to jail," but that he was not actually arrested until after being questioned about being a diabetic. We find no error in the trial court excluding the requested instruction in the charge. Hardin's second point of error is overruled.

In his third point of error Hardin claims the trial court should have allowed the defense to present evidence on necessity. The trial court refused to set aside a Motion in Limine filed by the State to prevent Hardin from introducing evidence that he had the AIDS virus. Under TEX.PENAL CODE ANN. § 9.22 (Vernon 1974):

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law [proscribing] the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*Id.*

Section 9.22 clearly contemplates a knowing and deliberate choice on the part of the actor that commission of the charged offense is "immediately necessary to avoid imminent harm," and the avoidance of the harm outweighs the harm sought to be prohibited by the commission of the act otherwise prohibited by law. *Trotty v. State*, 787 S.W.2d 629, 630 (Tex.App.—Fort Worth 1990, pet. ref'd). When the court asked if Hardin had "some medical evidence that methamphetamine is good for the current medical problems he has or that a doctor prescribed [it]," defense could provide none. Hardin presented no evidence to the trial court that he believed his conduct was necessary to avoid any imminent harm. Defense could only offer Hardin's wife to testify that he uses methamphetamine as a pain killer. The record is void of any evidence which would support any necessity on the part of Hardin to possess methamphetamine. Thus, the evidence was properly excluded by the trial court. Hardin's third point of error is overruled.

Judgment is affirmed.