**Opinion issued April 23, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00168-CV

_____

## IN RE EXPUNCTION

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Case No. 13-CV-1100

## OPINION ON REHEARING

The State of Texas appeals from an order of expunction of criminal records granted to Philip Dean Cassidy. After we issued our opinion in this case, Cassidy moved for rehearing. We deny the motion, but withdraw our opinion and judgment and issue this opinion and judgment in its stead; our disposition is

unchanged. We reverse and render judgment denying the request for an expunction.

## Background

On October 6, 2011, Cassidy was arrested and charged with indecency with a child by sexual contact, criminal attempt, a felony of the third degree, in a Texas district court. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1) (defining crime of indecency with a child by sexual contact), 21.11(d) (defining same as second-degree felony), 15.01(a) (defining criminal attempt), 15.01(d) (criminal attempt is offense "one category lower" than attempted offense) (West 2011). On November 20, 2012, Cassidy pleaded nolo contendere to a misdemeanor charge of assault causing bodily injury in exchange for dismissal of the felony charge. *See id.* §§ 22.01(a)(1) (defining offense of assault causing bodily injury), 22.01(b) (defining same as Class A misdemeanor) (West Supp. 2014).

In August 2013, Cassidy filed a petition for expunction in the trial court, asking that all records and files related to his arrest for the felony charge be expunged, pursuant to Article 55.01(a)(2) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2014). The district attorney of Galveston County, on behalf of the State of Texas, and the Texas Department of Public Safety filed answers denying Cassidy's right to relief.

After a hearing at which Cassidy testified, the trial court granted Cassidy's petition and ordered the records related to the October 6, 2011 arrest expunged. The State filed a motion for new trial, which was overruled by operation of law. The State now appeals.

The State raises two arguments on appeal. First, it argues that an expunction applies to an entire arrest, not to individual charges resulting from an arrest, and both Cassidy's felony and misdemeanor charges resulted from the same arrest. Second, the State argues that Cassidy bore and failed to meet the burden to prove his entitlement to expunction of the felony offense.

## Standard of Review

This Court reviews a trial court's grant or denial of a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, or without reference to guiding rules and principles. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *J.H.J.*, 274 S.W.3d at 806. When, as here, the trial court makes no findings of fact separate from the order granting the expunction, we draw every reasonable inference that is supported by the record in favor of the trial court's judgment. *Worford v. Stamper*,

801 S.W.2d 108, 109 (Tex. 1990); *J.H.J.*, 274 S.W.3d at 806. A trial court's legal conclusions, however, we review de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996); *J.H.J.*, 274 S.W.3d at 806. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). We will uphold a trial court's legal conclusions if its judgment is sustainable on any legal theory supported by the evidence. *J.H.J.*, 274 S.W.3d at 806.

Expunction is a statutory privilege, not a constitutional or common-law right. *Id.*; *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). Further, although the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *J.H.J.*, 274 S.W.3d at 806; *Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The petitioner seeking an expunction carries the burden of proving that all statutory requirements have been satisfied. *J.H.J.*, 274 S.W.3d at 806; *Lacafta*, 965 S.W.2d at 569; *Harris Cnty. Dist. Att'y v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). Neither this Court nor the trial court has any equitable power to extend the protections of the expunction statute beyond its stated provisions. *See J.H.J.*, 274 S.W.3d at 806; *Lacafta*, 965 S.W.2d at 569.

Expunction of criminal records is governed by Article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01(a) (West Supp. 2014). A person may seek expunction for one of three reasons, each subject to certain restrictions. First, he may argue that he has been arrested and placed on trial, but either was acquitted or was convicted and subsequently pardoned. *Id.* art. 55.01(a)(1). Second, he may argue that he "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense," subject to additional requirements. *Id.* art. 55.01(a)(2). Third, he may seek expunction if he was tried for and convicted of the offense for which he was arrested, but was acquitted on appeal. *Id.* art. 55.01(b). Because Cassidy was not placed on trial, Articles 55.01(a)(1) and 55.01(b) are irrelevant to this appeal, and only Article 55.01(a)(2) is relevant.

A petitioner for expunction under Article 55.01(a)(2) must satisfy additional requirements, depending on factors such as the category of crime charged and whether additional charges were brought based on the same transaction for which the person was arrested. *Id.* art. 55.01(a)(2). Specifically, the statute requires, in relevant part, that:

> (A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based

5

on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest . . . .; or

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information it was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

*Id.*

A plea of nolo contendere has the same legal effect as a plea of guilty, except that the former "may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006); *see also Ellerbe v. State*, 80 S.W.3d 721, 723 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

**Nature of Expunction**

In its first issue, the State argues that expunction is available solely at the level of an arrest and not at the level of individual offenses charged on the basis of

6

a given arrest. In other words, Cassidy is entitled to expunction of criminal records only if he can satisfy the requirements of the expunction statute with respect to all criminal charges arising from the arrest. The State then argues that Cassidy has failed to establish that he was entitled to expunction because he pleaded nolo contendere to a misdemeanor charge arising from the same arrest that led to the felony charge.

Cassidy raises three arguments in response. First, he contends that he was arrested not once but twice, once for each charge. Second, he argues that the misdemeanor charge of assault causing bodily injury is not a lesser-included offense of indecency with a child. Finally, he argues that this Court's binding precedent requires us to hold that expunction is available on a per-offense basis rather than a per-arrest basis. We address Cassidy's stare decisis argument first.

## A.     Stare decisis

We have previously considered whether expunction applies to an entire arrest or may apply to individual charges. In *Ex parte E.E.H.*, 869 S.W.2d 496 (Tex. App.—Houston [1st Dist.] 1993, writ denied), we considered a case in which E.E.H. had been arrested and charged with one felony drug charge, misdemeanor driving while intoxicated, and misdemeanor possession of marijuana. *Id.* at 497. The grand jury returned a no bill on the felony offense, the State moved to dismiss the DWI charge, and E.E.H. received a conditional discharge on the possession of

marijuana charge. *Id.* The latter was dismissed after E.E.H. completed the terms of her probation, and E.E.H. later petitioned for expunction of the felony charge and the DWI charge. *Id.* We held that Article 55.01 in its then-effective form "permits expunction of less than all charges arising from a single arrest." *Id.* at 498.

We based our holding in *Ex parte E.E.H.* on several factors. First, E.E.H. was never formally charged with the felony by indictment or information. *Id.* Second, we emphasized that the State had moved for dismissal of the DWI charge, which "render[ed] its record amenable to expunction." *Id.* Third, we noted that E.E.H. had not been convicted of a felony in the five years preceding her arrest, a condition of the then-effective form of Article 55.01(a). *Id.* Considering all of these factors, we reviewed the chapter as a whole, particularly Article 55.02(4). *Id.* Article 55.02(4) provides that certain law enforcement agencies and prosecuting attorneys may retain records necessary to the investigation of an offense "[i]f the state establishes that the person who is the subject of an expunction order is still subject to conviction for an offense arising out of the transaction for which the person was arrested because the statute of limitations has not run and there is reasonable cause to believe that the state may proceed against the person for the offense." TEX. CODE CRIM. PROC. ANN. art. 55.02(4)(a) (West Supp. 2014). We "perceive[d] no public policy reason to limit the right of expunction to an 'all or

8

nothing' proposition." *Ex parte E.E.H.*, 869 S.W.2d at 498. We also noted a decision of our sister court, *State v. Knight*, 813 S.W.2d 210 (Tex. App.—Houston [14th Dist.] 1991, no writ), in which that court allowed expunction of records related to one offense out of three that resulted from a single arrest. 813 S.W.2d at 212.

The doctrine of stare decisis requires us to treat as binding the precedents of higher courts, as well as our own precedents unless overruled by a higher court or abrogated by statute. *See Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex. 1995) ("Generally, we adhere to our precedents for reasons of efficiency, fairness, and legitimacy."); *Gutierrez v. Collins*, 583 S.W.2d 312, 317 (Tex. 1979) (doctrine of stare decisis "creates a strong presumption in favor of the established law"). "Stare decisis has its greatest force in cases construing statutes, partly because our errors may be corrected by statutory amendments." *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 749 (Tex. 2006).

Cassidy argues that *Ex parte E.E.H.* is binding and requires us to affirm the trial court's decision in this case. Because intervening changes to the statutory text have changed its meaning, we disagree.

In the twenty years since we decided *Ex parte E.E.H.*, the legislature has amended Article 55.01 of the Code of Criminal Procedure nine times.[1] Of particular relevance to this appeal, in 2011, the legislature essentially rewrote Article 55.01(a)(2) to prohibit expunction unless the applicant has been acquitted or pardoned or the applicant has been released and at least one of three further conditions is met. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 690 (H.B. 351), § 1, 2011 Tex. Gen. Laws. 1653, 1653–54; Act of May 25, 2011, 82nd Leg., R.S., ch. 894 (S.B. 462), § 1, 2011 Tex. Gen. Laws. 2275, 2275–76. First, the applicant for expunction can show that he has not been charged by indictment or information with "a misdemeanor offense based on the person's arrest or . . . the commission of any felony offense arising out of the same transaction for which the person was arrested," and certain amounts of time have elapsed. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i). Second, if so charged, the applicant may show that the indictment or information was dismissed or quashed for one of certain specified reasons. *Id.* art. 55.01(a)(2)(A)(ii). Finally, the applicant may show that prosecution "for the offense for which [he] was arrested is no longer possible because the limitations period has expired." *Id.* art. 55.01(a)(2)(B).

---

[1] *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, Sec. 7.02(a), 1993 Tex. Gen. Laws 3586, 3763 (amended 1999, 2001 (twice), 2003, 2005, 2007, 2009, 2011 (twice)).

The legislature's 2011 changes to Article 55.01 give it a drastically different meaning from the statute that we had before us when we decided *Ex parte E.E.H.* Among other changes, the statute in effect at that time made greater distinctions than the current version makes between felony and misdemeanor offenses, did not address the limitations period at all, and did not impose any waiting period after the arrest in the absence of an indictment or information. *Ex parte E.E.H.*, 869 S.W.2d at 496. By contrast, the current version of the statute gives significantly more weight to indictments or informations for additional offenses arising out of the same arrest or based on the same criminal transaction. Specifically, once the applicant has been charged by indictment or information with any misdemeanor based on the arrest or any felony arising out of the same transaction for which he was arrested, the applicant must show that he was acquitted or pardoned, that the indictment or information was dismissed for statutorily-specified reasons, or that the limitations period applicable to the offense for which he was arrested has expired. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)–(2). Until one of those conditions has been met, the current version of Article 55.01 prohibits expunction of any records or files related to an arrest that resulted in presentation of an indictment or information. Our holding in *Ex parte E.E.H.* has thus been abrogated by subsequent legislative action.

11

This case is similar to *Texas Department of Public Safety v. Dicken*, 415 S.W.3d 476 (Tex. App.—San Antonio 2013, no pet.), in which the court of appeals concluded that Article 55.01 in its present form requires an "arrest-based" approach to expunctions. *Id.* at 479. In that case, the applicant was arrested and charged, in separate charging instruments, with felony possession of a controlled substance and DWI, both charges resulting from the same arrest. *Id.* at 478–79. He pleaded no contest to the DWI charge and agreed to be placed on community supervision, in exchange for dismissal of the felony charge. *Id.* The court of appeals therefore concluded that Dicken had failed to show that his felony charge was dismissed without resulting in "court-ordered community supervision" within the meaning of the expunction statute. *Id.* at 480. In light of the amendments to Article 55.01, we agree with this reasoning.

The other courts that have considered Article 55.01 in recent years have also concluded that the legislature intended to make expunction applicable to entire arrests, not individual charges. For example, the court of appeals in Austin held, "Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is not entitled to have any arrest records arising from a multi-charge arrest expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that

12

dismissal results in a final conviction of *any* charge arising from the same arrest." *Tex. Dep't of Pub. Safety v. G.B.E.*, ___ S.W.3d ___, No. 03-13-00017-CV, 2014 WL 1165854, at *6 (Tex. App.—Austin Mar. 20, 2014, pet. denied). The court of appeals in Fort Worth also recently considered this issue and similarly held, "chapter 55, from top to bottom, appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *S.J. v. State*, 438 S.W.3d 838, 843 (Tex. App.—Fort Worth 2014, no pet.).

We hold that Article 55.01 applies to all charges brought against Cassidy as a result of his October 6, 2011 arrest. Accordingly, to obtain expunction, he must demonstrate that the entire arrest is subject to expunction.

## B.    Number of arrests

Cassidy argues that his misdemeanor charge did not arise out of his October 6, 2011 arrest. In his view, a second arrest occurred when he presented himself to the County Court at Law to enter a plea in connection with the misdemeanor and the "second arrest" is not related to the first. Cassidy objects to records from the criminal proceedings attached to the State's brief setting forth the plea agreement relating to both charges because the State did not introduce the criminal records into evidence in the civil expunction case.

We reject Cassidy's argument that he was subject to two different arrests at different times. First, nothing in the record indicates whether Cassidy was in the

custody of law enforcement at the time of his plea appearance or appeared voluntarily; thus, no evidence demonstrates that a second arrest occurred or that the charges were separate. Because the State filed a general denial in this case, all facts supporting Cassidy's petition were placed at issue. *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526 (Tex. App.—San Antonio 1997, no writ.); TEX. R. CIV. P. 92; *see also Ex parte McNamara*, Nos. 04-13-00099-CV, 04-13-00100-CV, 04-13-00101-CV, 2014 WL 1242356, at \*2 (Tex. App.—San Antonio Mar. 26, 2014, no pet.) (mem. op.). It was Cassidy's burden to demonstrate that he was entitled to an expunction. *J.H.J.*, 274 S.W.3d at 806; *Lacafta*, 965 S.W.2d at 569; *Hopson*, 880 S.W.2d at 3.

Second, the record supports the opposite conclusion: that the second charge was related to the first arrest and a result of a plea bargain. Cassidy testified that the State made "an offer that they would refile an assault charge and place [him] on one-year deferred. . . . [a]nd dismiss the sexual assault allegations." Cassidy thus admitted that he completed a course of deferred adjudication in connection with the assault charge. In this context, his attorney represented to the trial court that "[a] plea was entered" and that Cassidy "would not have pled guilty to the misdemeanor assault" but for his understanding that he could obtain an expunction after fulfilling the requirements of his term of deferred adjudication. Counsel further noted that, "[t]he whole purpose of this separate [assault] charge was to get

14

the expunction when he completed his deferred." When a party makes a "deliberate, clear, and unequivocal" judicial admission, courts may take judicial notice of filed pleadings supporting such admissions. *See*, *e.g.*, *Ex parte McNamara*, 2014 WL 1242356, at *4; *see also Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 372 (Tex. 1993). Cassidy's admission supports the conclusion that he entered a plea of nolo contendere and that that plea resulted from the same arrest that led to the felony charge. The record contains no evidence that the misdemeanor charge resulted from a separate arrest, thus entitling Cassidy to an expunction.

Cassidy relies on *Harris County District Attorney's Office v. Burns,* 825 S.W.2d 198 (Tex. App.—Houston [14th Dist.] 1992, writ denied), in which our sister court held that an applicant for expunction had been arrested when he learned of a warrant for his arrest and later voluntarily appeared in the issuing court. *Id.* at 202. He spoke to the bailiff and waited for approximately an hour before being released on a bond. *Id.* Our sister court concluded that this constituted an arrest on the warrant for purposes of the expunction statute. *Id.* But the facts of Cassidy's case are different from those in *Burns*. The critical issue in this case is whether the assault charge resulted from the same arrest as the felony charge, not whether an arrest took place. *Burns* addressed only whether an arrest had occurred for purposes of the expunction statute then in effect. 825 S.W.2d at 202. It does not

support Cassidy's argument. Rather, the misdemeanor charge was part of a deferred adjudication agreement that resulted in dismissal of the felony for which he was arrested.[2]

## C.    Lesser-included offense

Cassidy also responds to the State by arguing that expunction is proper because the misdemeanor charge of assault causing bodily injury is not a lesser-included offense of the felony charge of indecency with a child, criminal attempt. While it is true that the State argued at the expunction hearing that the misdemeanor charge was a lesser-included offense of the felony, the State does not make this argument on appeal. The argument, moreover, is irrelevant. Nothing in Article 55.01 or in the case law interpreting it requires either the State or an applicant for expunction to demonstrate that one charge is or is not a lesser-included offense of another. Rather, Article 55.01's focus is on the severity of the charges resulting from an arrest or criminal transaction and on their dispositions, not on their legal relationship to each other. We reject Cassidy's argument.

Because we hold that expunction applies to arrests, not individual offenses, we turn to the State's second issue, whether Cassidy demonstrated that he was entitled to expunction of all records and files related to his arrest.

---

[2]     We note that, for the reasons stated in our discussion of the State's second issue regarding felony charges, the result would be the same even if he had been arrested twice.

## Cassidy's Entitlement to Expunction

Cassidy was neither acquitted nor convicted on the felony charge, the felony charge is no longer pending, and he was not placed under court-ordered community supervision for that offense pursuant to Article 42.12. Thus, only the additional requirements of Article 55.01(a)(2) are at issue.[3]

Cassidy could meet his evidentiary burden by satisfying either Article 55.01(a)(2)(A), relating to charges resulting in presentation of an indictment or information, or Article 55.01(a)(2)(B), relating to the statute of limitations. We consider each possibility in turn.

### A. Article 55.01(a)(2)(A)

To obtain expunction under Article 55.01(a)(2)(A), Cassidy must make one of two showings. First, he could show that "an indictment or information charging [him] with the commission of a misdemeanor offense based on [his] arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested (i) has not been presented . . . ."

---

[3] Cassidy argues that the State has waived all arguments other than challenging the expunction order on the basis of the statute of limitations. We disagree. The State identified limitations, the misdemeanor plea, and Cassidy's general failure to demonstrate that he had satisfied all requirements of Article 55.01 as reasons for denial of the application. Even when the State does not appear at all in the trial court, we must reverse an order of expunction if the applicant fails to meet this burden. *Ex parte McNamara*, 2014 WL 1242356, at \*4; *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 525–26 (Tex. App.—San Antonio 1997, no writ.); *see also Tex. Dep't of Pub. Safety v. Stockton*, 53 S.W.3d 421, 425 (Tex. App.—San Antonio 2001, pet. denied).

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i). Alternatively, he could show that such an indictment or information was presented, but was dismissed or quashed because he completed a pretrial intervention program or "because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information . . . was void." *Id.* art. 55.01(a)(2)(A)(ii).

Cassidy cannot meet the first test because he admitted in his answer that "[a]n indictment was presented against [him] for an offense arising out of the transactions for which he was arrested." This is a judicial admission and binding upon Cassidy, the trial court, and this Court. *See*, *e.g.*, *Tex. Dep't of Pub. Safety v. Six*, 25 S.W.3d 368, 370 (Tex. App.—Fort Worth 2000, no pet.).

Cassidy also failed to show that he met the requirements of Article 55.01(a)(2)(A)(ii). It is undisputed that he did not complete a pretrial intervention program. By pleading nolo contendere—the legal equivalent of a guilty plea for all purposes relevant to this appeal—to the misdemeanor charge, Cassidy admitted that his arrest was not wrongful and that the felony charge was not dismissed due to false information, mistake, or lack of probable cause. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2008) (plea of no contest has same effect as plea of guilty); *In re O.R.T.*, 414 S.W.3d 330, 335 (Tex. App.—El Paso 2013, no

pet.) (admission of guilt of charge resulting from arrest is admission that arrest was not wrongful for purposes of expunction statute); *Knight*, 813 S.W.2d at 212 (when felony and misdemeanor were dismissed in exchange for plea of nolo contendere to another misdemeanor, trial court could not find that indictments or informations were dismissed due to mistake, false information, or lack of probable cause). And nothing in the record indicates that the felony indictment was void. Thus, Cassidy has met none of the requirements of Article 55.01(a)(2)(A)(ii).

We hold that Cassidy is not entitled to expunction of the felony charge under Article 55.01(a)(2)(A).

**B.      Article 55.01(a)(2)(B)**

Cassidy could also obtain expunction if he could establish that he is no longer subject to prosecution for the felony because the limitations period has expired. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B). The statute of limitations for a criminal attempt is the same as that of the offense attempted. *Id.* art. 12.03(a) (West 2005). The crime of indecency with a child under Section 21.11 of the Penal Code, however, is not subject to a limitations period. *Id.* art. 12.01(1)(E) (West Supp. 2014). Thus, the statute of limitations is not a bar to Cassidy's prosecution for indecency with a child, and Cassidy cannot satisfy the requirements of Article 55.01(a)(2)(B).

19

The record does not support a finding that Cassidy satisfied the requirements of Article 55.01 of the Code of Criminal Procedure with respect to his felony charge. Accordingly, we hold that Cassidy was not entitled to expunction of records related to his arrest.

## Conclusion

Because Cassidy was not entitled to an expunction of his arrest record, we reverse and render judgment denying the request for an expunction.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Lloyd.