**Affirmed and Memorandum Opinion filed November 3, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00728-CV
_____

**ANTONIO SEPEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 14-CV-0020**

## M E M O R A N D U M   O P I N I O N

Appellant Antonio Sepeda is incarcerated in the Institutional Division of the Department of Criminal Justice. On appeal, Sepeda complains that the trial court abused its discretion by denying his petition for expunction of records under article 55.01 of the Texas Code of Criminal Procedure and by failing to conduct an oral hearing on his petition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, Sepeda filed a pro se petition for expunction of criminal records relating to his arrest for terroristic threat of a family member in Cause No. MD297698.[1] The terroristic-threat offense was one of the cases that formed the basis for findings made in a Magistrate's Emergency Protective Order, signed on October 12, 2009. The order provided in relevant part:

> The Court finds that on October 11[th], 2009, Respondent was arrested by T. KRIETEMEYER, a duly authorized peace officer, for the offenses of: DEADLY CONDUCT/ASSAULT CAUSES BODILY INJURY – FAMILY VIOLENCE / TERRORISTIC THREAT OF FAMILY OR HOUSEHOLD. [The court also finds that the arrest was for an offense involving serious bodily injury to the victim or the use or exhibition of a deadly weapon during the commission of an assault.] The Court further finds request (sic) was properly made for a Magistrate's Emergency Protective Order.

On October 14, 2009, Sepeda violated the protective order. One year later, on October 15, 2010, in Cause No. 10CR0038, Sepeda pleaded guilty to felony violation of protective order with one enhancement and was sentenced to eight years in prison.

In his petition for expunction, Sepeda alleged that the terroristic-threat charge did not result in a conviction and was dismissed by the county court at law on April 16, 2010. Sepeda also filed an "Unsworn Declaration Penalty of Perjury"[2] and a "Motion to Attend Hearing by Telephone Conference Call or Other Effective Means."

---

[1] Sepeda's filing letter indicates that he filed four separate petitions for expunction, but this appeal addresses only Sepeda's appeal from the trial court's denial of his petition to expunge the records of his arrest for the terroristic-threat offense.

[2] The unsworn declaration does not contain any statements by Sepeda. Instead, it purports to reproduce information from a document not in evidence. Sepeda does not mention or rely on this unsworn declaration in his appellate briefing.

On April 7, 2014, the trial court issued a notice that Sepeda's expunction hearing was set for June 13, 2014, and the record indicates that a copy of the notice was sent to Sepeda the next day. However, no order appears to have been issued on June 13.[3] When several months went by and Sepeda did not receive a copy of any signed order, he filed a restricted appeal. This court dismissed the restricted appeal for lack of jurisdiction in part because the record did not contain an appealable order. *See In re Sepeda*, No. 14-14-00946-CV, 2015 WL 122744, at *1 (Tex. App.—Houston [14th Dist.] Jan. 8, 2015, no pet.) (mem. op.) (per curiam).

Sepeda then filed a petition for writ of mandamus, asking this court to compel the trial court to rule on Sepeda's motion for expunction. The court took judicial notice that the respondent was no longer serving as judge of the 212th District Court and, on its own motion, abated the mandamus on April 23, 2015. The court substituted the successor judge as a party and abated the mandamus proceeding for sixty days "to allow the successor to reconsider the original party's decision." *See* Tex. R. App. P. 7.2. During this time, Sepeda was directed to (1) file a written pleading identifying each motion on which he sought a ruling, (2) contemporaneously request the trial court clerk to present the pleading to the trial court, (3) obtain from the trial court either a ruling or documentation of the court's refusal to rule, and (4) amend his petition and appendix to the court accordingly.

In May, Sepeda filed a motion requesting that the trial court make a ruling on the petition for expunction within thirty days. When the trial court took no action on the motion, this court reinstated the mandamus proceeding and requested responses from the trial court and the State on or before August 14, 2015.

On July 22, the State filed an answer and general denial in the trial court,

---

[3] The trial court's case summary includes a reference to an "Expunction Hearing" on June 13, 2015, and a notation that it was "Taken Under Advisement."

requesting that the trial court deny Sepeda's petition for expunction. The State supported its answer with various documents, including the original complaint filed against Sepeda on the charge of terroristic threat of family/household, the magistrate's protective order against Sepeda, the indictment alleging felony violation of the protective order, and Sepeda's conviction for violating the protective order.

On August 12, 2015, the trial court signed an order denying Sepeda's request for expunction of the records relating to the terroristic threat offense. This court subsequently dismissed Sepeda's petition for writ of mandamus as moot. *See In re Sepeda*, No. 14-15-00288-CV, 2015 WL 4985043 (Tex. App.—Houston [14th Dist.] Aug. 20, 2015, no pet.) (mem. op.) (per curiam). On August 28, Sepeda filed an appeal of the trial court's order and a request for findings of fact and conclusions of law in the trial court.

On September 23, 2015, the trial court signed the State's proposed findings of fact and conclusions of law. Among other things, the trial court found that Sepeda's charge of terroristic threat was one of several cases which were made the basis of the magistrate's emergency protective order signed on October 12, 2009; Sepeda pleaded guilty to violating the protective order and was sentenced to eight years in prison; Sepeda "did not prove that his case was dismissed for a statutorily approved reason or that the statute of limitations has expired"; Sepeda's "assertions are not evidence"; and the petition for expunction "was denied because the statutory requirements were not met." By handwritten interlineation, the trial court also wrote: "Be it further noted, no oral hearing was held and no reporter's record was made."

## ANALYSIS OF THE ISSUES

On appeal, Sepeda contends that the trial court abused its discretion by

failing to grant his petition for expunction because the terroristic-threat charge against him had been dismissed. Although Sepeda asserts that he raises four issues on appeal, his issues may be summarized as complaints that the trial court erred by: (1) denying his petition for expunction, and (2) denying his motion for an oral hearing.

## Applicable Law and Standard of Review

The Texas Code of Criminal Procedure provides a right to the expunction of criminal records under certain circumstances, such as an acquittal or pardon. *See* Tex. Code Crim. Proc. art. 55.01. The legislature intended for article 55.01 to permit the expunction of records of wrongful arrests. *Ex parte Cephus*, 410 S.W.3d at 418 (citing *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991)).

A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving that all statutory requirements have been satisfied. *In re Expunction*, 465 S.W.3d 283, 286 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Cephus*, 410 S.W.3d at 418. The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A petitioner's entitlement to expunction arises only after all statutory conditions have been met. *Id.* We review a trial court's ruling on a petition for expunction for abuse of discretion. *Id.*

In this case, Sepeda claims that he was entitled to expunction of his arrest records for the offense of terroristic threat under article 55.01(a)(2)(A), which provides:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

…

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, … provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and [specified time periods have elapsed]; ... or:

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void[.]

Tex. Code Crim. Proc. § 55.01(a)(2). Article 55.01 "sets forth many requirements before a petition may be entitled to relief." *Ex parte Scott*, 476 S.W.3d 93, 95 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see In re Expunction*, 465 S.W.3d at 287 (outlining the numerous requirements that a petitioner seeking expunction under article 55.01(a)(2) must satisfy).

## I.    Denial of the Petition for Expunction

Sepeda first contends that he was entitled to expunction because he was arrested and charged with three misdemeanors that eventually were dismissed and

did not result in a final conviction. In support of his contention, Sepeda points to his petition in which he states that the charges were dropped by the trial court and no conviction resulted. Sepeda also argues that the original indictment in cause No. 10CR0038, involving the felony violation of protective order charge, does not mention any of the misdemeanors, including terroristic threat, which were dismissed. Likewise, Sepeda asserts that that the final judgment in that case does not mention the allegedly dismissed charges.

As noted above, as the petitioner in a civil matter, Sepeda bears the burden of proving that all statutory requirements of article 55.01 have been satisfied. *In re Expunction*, 465 S.W.3d at 286; *Cephus*, 410 S.W.3d at 418; *see also Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("[A] person is entitled to expunction only when all statutory conditions have been met."). Here, Sepeda alleges in his petition that the terroristic-threat charge against him was dismissed and did not result in a conviction, but he points to no evidence that the charge was dismissed or that the alleged dismissal satisfied the other requirements of article 55.01. "Allegations in a petition to expunge criminal records are not evidence; the petitioner is required to prove compliance with the statute." *Cephus*, 410 S.W.3d at 419; *see also Collin Cnty. District Attorney's Office v. Fourrier*, 453 S.W.3d 536, 541 (Tex. App.—Dallas 2014, no pet.) (stating that although a petitioner's pleadings may be verified, the "pleadings are not evidence of the facts alleged therein"). The trial court likewise found that Sepeda's "assertions are not evidence."

We conclude that Sepeda failed to satisfy his burden to show his entitlement to expunction under article 55.01. We therefore hold that the trial court did not abuse its discretion by denying his petition for expunction.

7

## II.    Denial of Oral Hearing

Sepeda also contends that the trial court did not set a hearing and did not "allow Sepeda to proceed by affidavit, deposition, telephone, or other effective means." We understand Sepeda to be arguing that the trial court erred by failing to grant his motion to appear by telephonic hearing. By ruling on Sepeda's petition without granting his request to appear by telephonic hearing, the trial court implicitly denied the motion. *See Cephus*, 410 S.W.3d at 420. We review a trial court's decision regarding an inmate's presence at an expunction hearing for abuse of discretion. *Rangel v. Travis Cnty. Attorney*, No. 03-08-00622-CV, 2009 WL 2341919, at *1 (Tex. App.—Austin July 30, 2009, no pet.) (mem. op.).

A trial court is required to set a hearing on an expunction petition and give "reasonable notice of the hearing" to officials, agencies, or governmental entities named in the petition. *See* Tex. Code Crim. Proc. art. 55.02, § 2. However, a "hearing" does not necessarily contemplate a personal appearance before the court or an oral presentation to the court. *Cephus*, 410 S.W.3d at 420; *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ). An inmate does not have an absolute right to appear in person in every court proceeding. *Cephus*, 410 S.W.3d at 421 (citing *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003)). The inmate is required to show why his appearance at court is justified. *Id.*

If the trial court denies an inmate's request to appear personally, the inmate should be allowed to proceed by some other means such as a teleconference, affidavit, or deposition. *A.S. v. Tex. Dep't of Public Safety*, No. 03-15-00331-CV, 2015 WL 9583882, at *3 (Tex. App.—Austin Dec. 31, 2015, no pet.) (mem. op.). A trial court abuses its discretion in denying a motion for oral hearing "only if the inmate has been effectively barred from presenting his case." *See id*; *Cephus*, 410 S.W.3d at 421.

Nevertheless, a trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony if the court has at its disposal all the information it needs to resolve the issues raised by the petition. *Rangel*, 2009 WL 2341919, at *1; *Ex parte McLendon*, No. 14-05-00651-CV, 2006 WL 221724, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2006, pet. denied) (mem. op.) (per curiam) (citing *Current*, 877 S.W.2d at 839–40). Such information may be found, for example, in the pleadings, affidavits, or other evidence in the record. *Rangel*, 2009 WL 2341919, at *1.

In his motion for telephonic hearing, Sepeda did not request that the trial court issue a bench warrant to allow him to appear personally. Instead, Sepeda only conditionally requested to participate by telephone, and even then asserted that his presence was *not* necessary:

> [P]etitioner asserts that his physical presence is not necessary at the hearing to resolve the expungement of records and files. However, should the court determine that his presence is required, petitioner requests he be allowed to proceed by telephone conference call.

Sepeda did not indicate what testimony he would have offered to assist the trial court in determining whether to grant his motion. Further, as noted above, Sepeda filed his petition for expunction in January 2014, and even though he had notice of the hearing set for June 13, 2014, at no time during the nearly eighteen months the case was pending did he amend or supplement his petition to offer substantive evidence to support his request for expunction.

Nothing in this record demonstrates that Sepeda was prevented from presenting his case. *See A.S.*, 2015 WL 9583882, at *3; *Cephus*, 410 S.W.3d at 421. Instead, the trial court could have concluded Sepeda had not filed an expunction petition satisfying the statutory requirements of article 55.01, and therefore the only hearing required under this circumstance was the trial court's

review of Sepeda's pleadings. *See A.S.*, 2015 WL 9583882, at *4 (affirming denial of motion for telephonic hearing on petition for expunction when inmate asserted that his presence was unnecessary but requested a teleconference in the event that the district court required his presence, there was no indication that inmate requested to participate by any other means, and the record did not indicate that the trial court prevented the inmate from participating by any other means).

Even if the trial court erred, any error would be harmless because there is no indication what Sepeda's testimony would have been. *See* Tex. R. App. P. 44.1(a) (appellant has the burden of showing that any trial court error probably caused the rendition of an improper judgment or prevented appellant from properly presenting the case to the court of appeals). We therefore overrule Sepeda's second issue.

## Conclusion

We overrule Sepeda's issues and affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Justices Jamison, McCally, and Wise.