**Opinion issued May 2, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00814-CV**

———————————

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**J.A.M., Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 86578-CV**

---

**MEMORANDUM OPINION**

The Texas Department of Public Safety appeals from an order of expunction of criminal records granted to J.A.M., contending that the trial court abused its discretion in failing to grant its motion for new trial. The Department claims that

J.A.M. failed to prove her entitlement to an expunction because, pursuant to a plea agreement, the State dismissed two state jail felony charges in exchange for her guilty plea to a Class A misdemeanor charge, and the court ordered deferred adjudication community supervision arising out of the same arrest. The Department further contends that the expunction order is not supported by legally sufficient evidence and that the trial court erred in failing to hold a hearing on J.A.M.'s petition before ruling. We reverse and remand.

## BACKGROUND

On February 20, 2014, J.A.M. was arrested in Brazoria County for conduct that led to grand jury indictments on two charges of criminal mischief resulting in pecuniary loss of $2,500 or more but less than $30,000, a state jail felony. *See* TEX. PENAL CODE ANN. § 28.03(b)(4)(A) (West Supp. 2016). Pursuant to a plea agreement, those charges, which were pending in the 300th District Court of Brazoria County, were dismissed. Also pursuant to the plea agreement, the State then filed an information alleging a single Class A misdemeanor charge of criminal mischief in Brazoria County Court at Law Number 4, to which J.A.M. pleaded guilty. The trial court accepted her plea, deferred the proceedings without an adjudication of her guilt, and placed J.A.M. on 15 months' deferred adjudication community supervision. *See* TEX. R. CRIM. PROC. ANN. art. 42.12, § 5 (West. Supp.

2

2016). The conditions required J.A.M. to pay a $500 fine; pay $5,300 in restitution in full when she entered her plea; and perform 80 hours of community service.

On May 13, 2016, J.A.M. petitioned to expunge the records of the two state jail felony criminal mischief charges. The petition does not mention the misdemeanor charge. In its answer to the petition, the Department denied that J.A.M. was entitled to an expunction because she served a term of community supervision stemming from her arrest.

The trial court signed an order granting the expunction on July 12, 2016. The Department then moved for a new trial, renewing its contention that J.A.M. was ineligible for an expunction and including copies of, among other things, the County Court at Law Number 4's order deferring adjudication of her guilty plea to the misdemeanor charge and ordering community supervision. That motion was overruled by operation of law on September 25, 2016, and the Department timely filed this appeal.[1]

---

[1] The Department's brief describes this appeal as a restricted appeal pursuant to Texas Rule of Appellate Procedure 30. A restricted appeal is available for a party who did not participate in the hearing that resulted in a judgment or order and who did not timely file a post-judgment motion or request findings of fact and conclusions of law within six months after the judgment or order if the appellate complaint arises from error apparent on the record's face. *See* TEX. R. APP. P. 25.1(d)(7), 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845 (Tex. 2004). The Department, however, timely filed a motion for new trial and filed her notice of appeal on the 90th day after the judgment was signed, making its appeal timely. *See* TEX. R. APP. P. 26.1(a)(1).

# DISCUSSION

## I.    Standard Of Review

The Department challenges the propriety of the trial court's order granting J.A.M.'s petition for expunction. This Court reviews a trial court's grant or denial of a petition for expunction for an abuse of discretion. *In re Expunction*, 465 S.W.3d 283, 286 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, or without reference to guiding rules and principles. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *In re Expunction*, 465 S.W.3d at 286.

A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). We therefore review the trial court's legal conclusions de novo and will uphold those conclusions if the judgment is sustainable on any legal theory supported by the evidence. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996); *In re Expunction*, 465 S.W.3d at 286.

## II.    The Expunction Statute

Chapter 55 of the Texas Code of Criminal Procedure sets forth the requirements and procedures governing the expunction of criminal records. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 55.01–55.06. The legislative intent behind the statute is to permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Att'y's Off. v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Expunction is a

4

statutory privilege, not a constitutional or common-law right. *In re Expunction*, 465 S.W.3d at 286. The petitioner seeking an expunction carries the burden of proving that all statutory requirements have been satisfied. *Id.* The petitioner must satisfy those requirements for all criminal charges arising from an arrest. *Id.* at 288.

A petitioner may prove entitlement to expunction based on one of three reasons, each subject to certain restrictions. TEX. CODE CRIM. PROC. art 55.01(a) (West Supp. 2016); *In re Expunction*, 465 S.W.3d at 287. The petitioner must show that:

(1)    The petitioner has been arrested and placed on trial, but either was acquitted or was convicted and subsequently pardoned;

(2)    The petitioner has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision for the offense; or

(3)    The petitioner was tried for and convicted of the offense for which he was arrested, but was acquitted on appeal.

TEX. CODE CRIM. PROC. art 55.01(a); *In re Expunction*, 465 S.W.3d at 287. J.A.M.'s petition relies on the second reason. To be entitled to expunction, J.A.M. thus was required to prove that (1) she has been released; (2) the charge, if any, has not resulted in a final conviction and is no longer pending; and (3) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure for the offense. TEX. CODE CRIM. PROC. art. 55.01(a)(2). The Department challenges the trial court's denial of its motion for new trial, contending that

5

J.A.M.'s evidence, which does not address the misdemeanor charge, does not meet the statutory conditions that would entitle her to expunction.

Courts have interpreted article 55.01 as requiring an "arrest-based" approach to expunction because it authorizes expunction of records concerning an arrest, rather than distinct charges arising from an arrest. *See In re Expunction*, 465 W.S.3d at 289–90 (citing *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476 (Tex .App.—San Antonio 2013, no pet.)); *S.J. v. State*, 438 S.W.3d 838, 841–42 (Tex. App.—Fort Worth 2014, no pet.). As a practical matter, this approach means that if expunction is not available for all charges stemming from an arrest, it is not available for any of those charges. *Ve v. Travis Cty. Dist. Att'y*, 500 S.W.3d 652, 656 & n.18 (Tex. App.—Austin—2016, no pet.). Under the plain language of the statute, a petitioner is ineligible to expunge a charge for which she was arrested if the petitioner served community supervision for any charge stemming from the arrest, even if the charge for which the community supervision is served differs from the one for which the person was originally arrested. *See generally T. H. v. Tex. Dep't of Pub. Safety*, 03-15-00304-CV, 2016 WL 5874869 (Tex. App.—Austin Oct. 6, 2016, no pet.) (declaring that all charges arising from arrest must meet article 55.01's requirements).

**III.** **The Petition Does Not Satisfy Article 55.01(A)(2)'s Requirements for Expunction of the Dismissed State Jail Felony Cases**

J.A.M. was arrested for criminal mischief and subsequently was charged with two counts of that offense. Pursuant to a plea agreement, the State dismissed those charges and filed an information charging misdemeanor criminal mischief based on the same arrest. Also pursuant to the plea agreement, J.A.M. pleaded guilty to the criminal mischief charge and received deferred adjudication community supervision.

Until *In re Expunction of R.H.*, No. 08-15-00288-CV, 2016 WL 5404772 (Tex. App.—El Paso 2016, no pet.), no Texas court of appeals appears to have addressed whether expunction is permitted from dismissal of an indictment pursuant to a plea agreement on another charge. *See id.* at *2. The *R.H.* court noted, however, that expunction on that basis would not comport with the purpose of the expunction statute, because the indictment's dismissal under those circumstances would result from "a plea bargain with the State and not because the indictment was based upon mistake, false information, or other reason indicating absence of probable cause, as required under the Texas Code of Criminal Procedure." *Id.* at *1.

In *R.H.*, the petitioner sought expungement of a charge containing two counts of aggravated assault with a deadly weapon which, at the State's request, were dismissed. *Id.* At the hearing on his petition, R.H. admitted that the trial court granted dismissal because R.H. pleaded guilty to nine counts of criminal mischief in

7

exchange for the State's agreement to dismiss the aggravated assault charges. *Id.* Likewise in this case, J.A.M. entered a guilty plea to a reduced charge of criminal mischief in exchange for the State's dismissal of the state jail felony charges against her. The only distinction between R.H.'s situation and that of J.A.M. is that R.H.'s plea agreement did not involve deferred adjudication community supervision, unlike J.A.M.'s. But the statutory language requiring the petitioner to show she received no court-ordered community supervision arising from the arrest makes this a distinction without a difference. *See* TEX. CODE CRIM. PROC. art 55.01(a)(2). All of the charges in each case stemmed from one arrest. Because the State's motion for new trial showed that J.A.M. did not qualify for expunction under article 55.01(a)(2), we hold the trial court erred in failing to grant a new trial.

## CONCLUSION

We reverse the judgment of the trial court and remand the case for new trial.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Huddle.

8