Matthew Martin **PERDUE**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 04–99–00305–CV.

Court of Appeals of Texas, San Antonio.

Oct. 18, 2000.

Chad O. Bull, San Antonio, for Appellant.

Charles R. Maddox, Austin, for Appellee.

Sitting: HARDBERGER, Chief Justice, and LÓPEZ, Justice and GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

In this appeal, Matthew Martin Perdue challenges the trial court's order denying his petition for an expunction of arrest records and files. Perdue contends the trial judge abused his discretion by denying his petition because article 42.12(20) of the Code of Criminal Procedure provides that a probationer released from probation under that article "shall thereafter be released from all penalties and disabilities." See TEX.CODE CRIM.PROC. ANN. art. 42.12(20) (Vernon Supp.2000) Perdue contends that despite having been discharged under section 42.12(20), he suffers from a disability resulting from the underlying offense because he is unable to serve as executor of as estate. Despite this argument, Perdue is not entitled to an expunction under the plain language of the expunction statute. See generally TEX. CODE CRIM.PROC.ANN. ch. 55 (Vernon Supp.2000).

Article 55.01 of the Code of Criminal Procedure provides for the expunction of arrest records and files. Specifically article 55.01(a) provides, in relevant part,:

(a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and *there was no court ordered community supervision* under Article 42.12 of this code; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* art. 55.01 (emphasis added). Once an applicant demonstrates his eligibility under the provisions of this article, the trial judge does not have the discretion to dismiss the petition or deny the request for an expunction. *See Matter of Wilson,* 932 S.W.2d 263, 266 (Tex.App.—El Paso 1996, no pet.); *Ex parte Current,* 877 S.W.2d 833, 836 (Tex.App.—Waco 1994, no pet.). Although the trial judge does not have discretion to deny the petition if the statutory requirements are met, each requirement must be met before the applicant is entitled to an expungement. *See Matter of Wilson,* 932 S.W.2d 263, 266–67; *Harris County District Attorney's Office v. Pennington,* 882 S.W.2d 529, 530 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

In the instant case, Perdue was placed on court-ordered community supervision as a result of the arrest he sought to expunge. Thus, at least one of the statutory requirements for obtaining an expunc-

tion of arrest records is not present. As a result, Perdue was not entitled to an expunction. Although Perdue contends that the trial judge should have relied on article 44.12(20) in considering his petition, article 55.01 specifically addresses a person's eligibility for an expunction. Where statutes address similar subject matter—here the consequences of arrest, the statutes must be construed together to carry out the full legislative intent of the applicable statutes. *See McLendon v. Texas Department of Public Safety,* 985 S.W.2d 571, 577 (Tex. App.—Waco 1998). The legislative intent of article 55.01 is very clear: to allow persons wrongfully arrested to expunge their arrest records—a purpose not at issue here. *See Pennington,* 882 S.W.2d at 530; *State v. Arellano,* 801 S.W.2d 128, 131–32 (Tex.App.—San Antonio 1990, no pet.). As a result, the Legislature set forth very specific requirements for an expunction. Because those requirements do not exist in this case, we overrule Perdue's issue on appeal, and affirm the trial court's order denying Perdue petition for expunction.