In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-016 CR


____________________



RONETTE ELAINE RELERFORD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. X-383






OPINION


 Ronette Elaine Relerford petitioned the district court for an expunction of all
criminal records and arrest records arising from an alleged theft offense. The Jefferson
County District Attorney's Office, the Texas Department of Public Safety, and the
Beaumont Police Department filed responses to the petition. The trial court denied the
petition, and Relerford appealed. 

 In the sole issue raised in the appeal, Relerford contends that the trial court erred
in failing to grant her request for expunction of records. Relerford's petition recites that
"Petitioner was tried and convicted for the offense, but subsequently an order dismissing
deferred Adjudicating Orders was signed on June 22, 1992." Documents attached to the
City's answer include an information charging Relerford with class B theft, a written plea
of "GUILTY/NOLO CONTENDERE" in Cause No. 158611, an order deferring
adjudication of guilt and placing Relerford on probation for one year, and a docket sheet
bearing the notation "6/22/92 Dismissed."

 Relerford pleaded that she was entitled to expunction under the section of the statute
applicable to persons who are "convicted and subsequently pardoned." See Tex. Code
Crim. Proc. Ann. art. 55.01(a)(1)(B) (Vernon Supp. 2002). A pardon is issued by the
Governor, not a county court at law. See Tex. Const. art. 4, sec. 11; Tex. Code Crim.
Proc. Ann. arts. 48.01-.03 (Vernon Supp. 2002). Assuming the county court at law
dismissed the information under what is now Texas Code of Criminal Procedure Article
42.12, § 20, that dismissal could not be a "pardon" for purposes of Article 55.01(a)(1)(B). 
 Likewise, Relerford is not entitled to expunction under Article 55.01 (a)(2)(B),
which requires that "the person has been released and the charge, if any, has not resulted
in a final conviction and is no longer pending and there was no court ordered community
supervision under Article 42.12 . . . ." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B)
(Vernon Supp. 2002). Misdemeanor deferred adjudication probation is court ordered
community supervision under Article 42.12. Texas Dep't of Public Safety v. Wallace, 63
S.W.3d 805, 807 (Tex. App.--Austin 2001, no pet.); Perdue v. Texas Dep't of Public
Safety, 32 S.W.3d 333, 335 (Tex. App.--San Antonio 2000, no pet.); Texas Dep't of
Public Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.--Corpus Christi 1997, no writ);
State v. Knight, 813 S.W.2d 210, 212 (Tex. App.--Houston [14th Dist.] 1991, no writ).

 The record shows on its face that the appellant is not entitled to have her criminal
records expunged. We find no error in the trial court's denial of the petition. 
Accordingly, we overrule the issue and affirm the judgment of the trial court.

 AFFIRMED.


 PER CURIAM




Submitted on September 10, 2002

Opinion Delivered September 18, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.