NO. 07-09-00278-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 22, 2010

EX PARTE JAMES G. MILLER

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-547,036; HONORABLE SAM MEDINA, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James G. Miller, appeals the trial court's dismissal of his Petition for Expunction of Records. We affirm.

Background

On April 9, 2009, Miller filed a Petition for Expunction of Records. In his petition, Miller seeks the expunction of two counts of a four count indictment on the basis that the two indicated counts were tried to a jury and Miller was acquitted. Although Miller purportedly requested that the District Clerk file the Petition in the 140th District Court of Lubbock County wherein the two indicated counts were tried, the petition was, instead, filed in the 237th District Court of Lubbock County. Initially, on July 15, the trial court set

a hearing on Miller's Petition for Expunction of Records, but the trial court then dismissed the petition on July 27 stating that "[t]he records for Cause No. 2003-402,899 in the 140th District Court of Lubbock County, Texas as identified in the Petition filed in this case are not subject for expungement at present."

Appellant contends that the trial court (1) lacked jurisidiction to hear or dismiss the petition and (2) erred in dismissing the petition.

Jurisdiction

Miller contends that the only court with proper jurisdiction is "the trial court presiding over the case in which defendant was acquitted." However, Miller is incorrect. According to article 55.02 of the Texas Code of Criminal Procedure,

> At the request of the defendant and after notice to the state, the trial court presiding over the case in which the defendant was acquitted, if the trial court is a district court, *or a district court in the county in which the trial court is located* shall enter an order of expunction for a person entitled to expunction . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.02, § 1 (Vernon Supp. 2009). (emphasis added).[1]

Since Miller was acquitted in Lubbock County, any district court in that County could preside over the case. Since the 237th District Court has jurisdiction in Lubbock County, it is a proper court. We overrule appellant's first issue.

---

[1] Further references to the Texas Code of Criminal Procedure shall be by reference to "article __" or "art.___."

2

## Dismissal of Miller's petition

Next, Miller contends that the trial court erroneously dismissed his case since he has successfully demonstrated that he was (1) tried and acquitted of the offenses he seeks to have expunged and (2) not convicted of a felony in the five years preceding the arrest. See art. 55.01(a). However, even assuming that Miller successfully demonstrated that he had not been convicted of a felony in the five years preceding the arrest, Miller has not demonstrated that the trial court erred in dismissing his petition. Although the trial judge does not have discretion to deny the petition if the statutory requirements are met, each requirement must be met before the applicant is entitled to an expungement. See Perdue v. Tex. Dep't of Pub. Safety, 32 S.W.3d 333, 335 (Tex.App.—San Antonio 2000, no pet.). In this case, the two charges of which Miller was acquitted were part of a four count indictment. Although Miller states in his brief that the State waived or abandoned the other two counts, nothing in the record demonstrates that the other two counts are no longer pending. Under article 55.01(c),

> A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

In this case, the indictment listed offenses related to the manufacture, possession, and delivery of a controlled substance on or about the 10th day of April, 2003. Thus, according to the record in this matter, Miller potentially remains subject to prosecution for at least one other offense occurring during the criminal episode. Therefore, the trial

3

court is correct in its Order of Dismissal on Petition for Expunction of Records when it stated that "[t]he records . . . as identified in the Petition filed in this case are not subject for expungement at present." We overrule Miller's second issue.

## Conclusion

Having overruled Miller's issues, we affirm.


Mackey K. Hancock
Justice


Pirtle, J., dissenting.