NO. 07-09-00278-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 22, 2010



 



 

EX PARTE JAMES G. MILLER



 



 

 FROM THE 237TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-547,036; HONORABLE SAM MEDINA, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant,
James G. Miller, appeals the trial court’s dismissal of his Petition for
Expunction of Records.  We affirm.

Background

            On April 9, 2009, Miller filed a Petition for Expunction
of Records.  In his petition, Miller
seeks the expunction of two counts of a four count indictment on the basis that
the two indicated counts were tried to a jury and
Miller was acquitted.  Although Miller
purportedly requested that the District Clerk file the Petition in the 140th
District Court of Lubbock County wherein the two indicated counts were tried,
the petition was, instead, filed in the 237th District Court of
Lubbock County.   Initially, on July 15,
the trial court set a hearing on Miller’s Petition for Expunction of Records,
but the trial court then dismissed the petition on July 27 stating that “[t]he
records for Cause No. 2003-402,899 in the 140th District Court of
Lubbock County, Texas as identified in the Petition filed in this case are not
subject for expungement at present.”

            Appellant contends that the trial court (1) lacked jurisidiction to hear or dismiss the petition and (2) erred
in dismissing the petition.

Jurisdiction

            Miller contends that the only court with proper
jurisdiction is “the trial court presiding over the case in which defendant was
acquitted.”  However, Miller is
incorrect.  According to article 55.02 of
the Texas Code of Criminal Procedure, 

At the request of the defendant and after notice to the state, the trial
court presiding over the case in which the defendant was acquitted, if the
trial court is a district court, or a
district court in the county in which the trial court is located shall
enter an order of expunction for a person entitled to expunction . . . .  

Tex.
Code Crim. Proc. Ann. art. 55.02, § 1 (Vernon
Supp. 2009). (emphasis added).[1]   Since Miller was acquitted in Lubbock
County, any district court in that County could preside over the case.  Since the 237th District Court has
jurisdiction in Lubbock County, it is a proper court.  We overrule appellant’s first issue.

 

 

Dismissal of
Miller’s petition

            Next, Miller contends that the trial court erroneously
dismissed his case since he has successfully demonstrated that he was (1) tried
and acquitted of the offenses he seeks to have expunged and (2) not convicted
of a felony in the five years preceding the arrest.  See art. 55.01(a).  However, even assuming that Miller
successfully demonstrated that he had not been convicted of a felony in the
five years preceding the arrest, Miller has not demonstrated that the trial
court erred in dismissing his petition.  Although
the trial judge does not have discretion to deny the petition if the statutory
requirements are met, each requirement must be met before the applicant is
entitled to an expungement. See Perdue v.
Tex. Dep’t of Pub. Safety, 32 S.W.3d 333, 335 (Tex.App.—San
Antonio 2000, no pet.). 
In this case, the two charges of which Miller was acquitted were part of
a four count indictment.   Although
Miller states in his brief that the State waived or abandoned the other two
counts, nothing in the record demonstrates that the other two counts are no
longer pending.   Under article 55.01(c),


 A court may not order the expunction of records and files relating
to an arrest for an offense for which a person is subsequently acquitted,
whether by the trial court or the court of criminal appeals, if the offense for
which the person was acquitted arose out of a criminal episode, as defined by Section
3.01, Penal Code, and the person was convicted of or remains subject to
prosecution for at least one other offense occurring during the criminal
episode.

In this case, the indictment listed
offenses related to the manufacture, possession, and delivery of a controlled
substance on or about the 10th day of April, 2003.  Thus, according to the record in this matter,
Miller potentially remains subject to prosecution for at least one other
offense occurring during the criminal episode.  
Therefore, the trial court is correct in its Order of Dismissal on
Petition for Expunction of Records when it stated that “[t]he records . . . as
identified in the Petition filed in this case are not subject for expungement at present.” 
We overrule Miller’s second issue.

Conclusion

            Having overruled Miller’s issues, we affirm.

                                                            

                                                                                                Mackey K. Hancock

                                                                                                            Justice

 

 

 

Pirtle,
J., dissenting.  
         








 











[1] Further references to the Texas Code of Criminal
Procedure shall be by reference to “article __” or “art.___.”