**Affirmed and Memorandum Opinion filed November 3, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-15-00790-CV

**ANTONIO SEPEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 14-CV-0018**

## M E M O R A N D U M   O P I N I O N

Appellant Antonio Sepeda is incarcerated in the Institutional Division of the Department of Criminal Justice. On appeal, Sepeda complains that the trial court abused its discretion by denying his petition for expunction of records under article 55.01 of the Texas Code of Criminal Procedure and by failing to conduct an oral hearing on his petition. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, Sepeda filed a pro se petition for expunction of criminal records relating to his arrest for assault causing bodily injury to family member in Cause No. MD297695.[1] In his petition for expunction, Sepeda cited to article 55.01(a)(2)(A)(i) of the Texas Code of Criminal Procedure and stated that the misdemeanor charge did not result in a conviction and was dismissed by the county court at law on April 16, 2010. Sepeda later filed a "Motion to Attend Hearing by Telephone Conference Call or Other Effective Means."

The trial court initially set a hearing on December 22, 2014, but the record does not reflect that the trial court took any action at that time. In April 2015, shortly after Sepeda sent a letter to the court clerk inquiring into the status of his case, the State filed an answer and a general denial. The State asserted generally that Sepeda's expunction should be denied because he had not met all the statutory requirements and the trial court had no equitable power to grant the expunction.

A second hearing date was set on Sepeda's motion for expunction for August 27, 2015. That same day, the trial court signed an order denying the motion. The record does not contain a ruling on Sepeda's motion to attend the hearing by conference call or any indication that an oral hearing was conducted.

Sepeda filed a notice of appeal and a request for findings of fact and conclusions of law. On September 23, 2015, the trial court signed the State's proposed findings of fact and conclusions of law. Among other things, the trial court found that Sepeda's charge of assault was one of several cases which were made the basis of a magistrate's emergency protective signed on October 12, 2009;

---

[1] Sepeda's filing letter indicates that he filed four separate petitions for expunction, but this appeal addresses only Sepeda's appeal from the trial court's denial of his petition to expunge the records of his arrest for the offense of assault causing bodily injury.

2

Sepeda pleaded guilty to violating the protective order and was sentenced to eight years in prison; Sepeda "did not prove that his case was dismissed for a statutorily approved reason or that the statute of limitations has expired"; Sepeda's "assertions are not evidence"; and the petition for expunction "was denied because the statutory requirements were not met."

## ANALYSIS OF THE ISSUES

Sepeda presents two issues on appeal. Although the arguments in each tend to overlap somewhat, we understand him to be contending that the trial court erred by: (1) denying his petition for expunction, and (2) denying his motion for an oral hearing.

### Applicable Law and Standard of Review

The Texas Code of Criminal Procedure provides a right to the expunction of criminal records under certain circumstances, such as an acquittal or pardon. *See* Tex. Code Crim. Proc. art. 55.01. The legislature intended for article 55.01 to permit the expunction of records of wrongful arrests. *Ex parte Cephus*, 410 S.W.3d at 418 (citing *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991)).

A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving that all statutory requirements have been satisfied. *In re Expunction*, 465 S.W.3d 283, 286 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Cephus*, 410 S.W.3d at 418. The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A petitioner's entitlement to expunction arises only after all

statutory conditions have been met. *Id.* We review a trial court's ruling on a petition for expunction for abuse of discretion. *Id.*

In this case, Sepeda claims that he was entitled to expunction of his arrest records for the offense of assault under article 55.01(a)(2)(A), which provides:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> …
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, … provided that:
>
> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
> (i) has not been presented against the person at any time following the arrest, and [specified time periods have elapsed]; ... or:
>
> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void[.]

Tex. Code Crim. Proc. § 55.01(a)(2). Article 55.01 "sets forth many requirements before a petition may be entitled to relief." *Ex parte Scott*, 476 S.W.3d 93, 95 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see In re Expunction*, 465 S.W.3d at 287 (outlining the numerous requirements that a petitioner seeking expunction

4

under article 55.01(a)(2) must satisfy).

## I.     Denial of the Petition for Expunction

Sepeda first contends that he was entitled to expunction because he was arrested and charged with three misdemeanors that eventually were dismissed and did not result in a final conviction, citing generally to article 55.01. Sepeda points out that he stated in his petition that he was never convicted on the charges, and argues that the State did not prove otherwise. Sepeda also points out that he was not seeking to expunge his conviction for violating the protective order that was predicated on the misdemeanor charges referred to in the trial court's findings of fact. Further, Sepeda complains that the trial court could not have concluded that he failed to satisfy the statutory requirements when no hearing was held, no evidence was presented, and Sepeda had no opportunity to introduce his side of the case for entitlement to relief.

In support of his contentions, Sepeda argues that the trial court abused its discretion "pursuant to" *Perdue v. Texas Department of Public Safety*. *See* 32 S.W.3d 333, 335 (Tex. App.—San Antonio 2000, no pet.) ("Once an applicant demonstrates his eligibility under the provisions of this article, the trial judge does not have the discretion to dismiss the petition or deny the request for an expunction."). In that case, however, the court held that the appellant was not entitled to expunction of his arrest records because he failed to satisfy at least one of the then-existing statutory requirements for obtaining an expunction of arrest records. *Id.*

Sepeda also argues that this court should apply the reasoning of several cases that stand for the proposition that a trial court must hold an evidentiary hearing before it can find that a case has no arguable basis in fact. *See In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ); *Morris v. Collins*, 916

S.W.2d 527, 528 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Harrison v. Tex. Dep't of Criminal Justice–Inst. Div.*, 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1995, no writ). But these cases involved motions to dismiss an inmate's lawsuit as frivolous under section 13.001 of the Texas Civil Practice and Remedies Code, and are not relevant to proceedings for expunction under article 55.01.

As Sepeda acknowledges, in an expunction proceeding, he bears the burden of proving that all statutory requirements of article 55.01 have been satisfied. *See In re Expunction*, 465 S.W.3d at 286; *Cephus*, 410 S.W.3d at 418; *see also Harris County Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("[A] person is entitled to expunction only when all statutory conditions have been met."). The record shows that Sepeda's petition for expunction was twice set for hearing, yet Sepeda made no attempt to offer any admissible evidence of any type in support of his petition before either hearing. For example, Sepeda could have amended or supplemented his petition to attach affidavits or other documents to demonstrate that he was entitled to have the arrest records concerning his assault charge expunged based on the applicable subsection of article 55.01, but he did not do so. Nor is there any indication in the record that Sepeda was prevented from offering such evidence in support of his petition before the hearings.

Nevertheless, Sepeda contends that he satisfied the requirements of article 55.01 because he alleges in his petition that the assault charge against him was dismissed and did not result in a conviction, and the State presented no evidence that he was convicted of the charge. However, "[a]llegations in a petition to expunge criminal records are not evidence; the petitioner is required to prove compliance with the statute." *Cephus*, 410 S.W.3d at 419; *see also Collin Cnty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 541 (Tex. App.—Dallas 2014,

no pet.) (stating that although a petitioner's pleadings may be verified, the "pleadings are not evidence of the facts alleged therein"). The trial court found, among other things, that Sepeda's "assertions are not evidence" and that Sepeda's expunction was "denied because the statutory requirements were not met." Sepeda points to no controverting evidence.

In his reply brief, Sepeda argues that he provided the trial court with information from the Department of Justice Federal Bureau of Investigation Criminal Justice Information Services Division showing that his assault charge was dismissed. However, Sepeda does not direct us to where this alleged evidence may be found in the appellate record, and our review of the record reveals no such evidence. Although Sepeda attaches a document with that title to his appellate brief, we cannot consider documents attached to a brief as an exhibit or appendix that are not in the appellate record. *See, e.g.*, *In re Expunction of M.T.*, 495 S.W.3d 617, 622 (Tex. App.—El Paso Aug. 20, 2016, no pet. h.); *Roberts v. Tex. Dep't of Pardons & Parole*, No. 01-09-01058-CV, 2011 WL 2435744, at *4 n.2 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.). Even if Sepeda had presented evidence that the assault charge had been dismissed, that alone is insufficient to satisfy the requirements of article 55.01(a)(2).

Sepeda also argues for the first time in his reply brief that the charge and conviction for felony violation of the protective order is unrelated to the assault charge, and therefore he has also satisfied the statutory requirement that "an indictment or information charging [him] with the commission . . . of any felony offense *arising out of the same transaction* for which [he] was arrested; (i) has not been presented against [him] at any time following the arrest . . . ." *See* Tex. Code Crim. Proc. Art. 5501(a)(2)(A)(i) (emphasis added). However, Sepeda makes this argument for the first time in his reply brief. The Texas Rules of Appellate

7

Procedure do not allow Sepeda to add a new issue in his reply brief that was not discussed in the original brief. *See, e.g.*, *Marsh v. Livingston*, No. 14-09-00011-CV, 2010 WL 1609215, at *4 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, pet. denied) (mem. op.); *Smith v. Hues*, 540 S.W.2d 485, 489 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Therefore, we do not consider this issue.

We conclude that Sepeda failed to satisfy his burden to show his entitlement to expunction under article 55.01. We therefore hold that the trial court did not abuse its discretion by denying his petition for expunction.

## II. Denial of Oral Hearing

In his second issue, Sepeda contends that the trial court abused its discretion by failing to grant his motion to attend the hearing on his petition by telephone conference call or other effective means. Although the record does not include an order denying Sepeda's motion, the trial court implicitly denied the motion by ruling on Sepeda's petition without granting his request to participate by conference call. *See Cephus*, 410 S.W.3d at 420. We review a trial court's decision regarding an inmate's presence at an expunction hearing for abuse of discretion. *Rangel v. Travis Cnty. Attorney*, No. 03-08-00622-CV, 2009 WL 2341919, at *1 (Tex. App.—Austin July 30, 2009, no pet.) (mem. op.).

A trial court is required to set a hearing on an expunction petition and give "reasonable notice of the hearing" to officials, agencies, or governmental entities named in the petition. *See* Tex. Code Crim. Proc. art. 55.02, § 2. However, a "hearing" does not necessarily contemplate a personal appearance before the court or an oral presentation to the court. *Cephus*, 410 S.W.3d at 420; *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ). An inmate does not have an absolute right to appear in person in every court proceeding. *Cephus*, 410

S.W.3d at 421 (citing *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003)). The inmate is required to show why his appearance at court is justified. *Cephus*, 410 S.W.3d at 421.

If the trial court denies an inmate's request to appear personally, the inmate should be allowed to proceed by some other means such as a teleconference, affidavit, or deposition. *A.S. v. Tex. Dep't of Public Safety*, No. 03-15-00331-CV, 2015 WL 9583882, at *3 (Tex. App.—Austin Dec. 31, 2015, no pet.) (mem. op.). A trial court abuses its discretion in denying a motion for oral hearing "only if the inmate has been effectively barred from presenting his case." *See A.S.*, 2015 WL 9583882, at *3; *Cephus*, 410 S.W.3d at 421.

Nevertheless, a trial court may rule on an expunction petition without conducting an oral hearing and without considering live testimony if the court has at its disposal all the information it needs to resolve the issues raised by the petition. *See Rangel*, 2009 WL 2341919, at *1; *Ex parte McLendon*, No. 14-05-00651-CV, 2006 WL 221724, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2006, pet. denied) (mem. op.) (per curiam) (citing *Current*, 877 S.W.2d at 839–40). Such information may be found, for example, in the pleadings, affidavits, or other evidence in the record. *Rangel*, 2009 WL 2341919, at *1.

Here, Sepeda did not request that the trial court issue a bench warrant to allow him to appear personally. Instead, Sepeda only conditionally requested to participate by telephone, and even then affirmatively asserted that his presence was *not* necessary:

> Petitioner asserts that his physical presence is not necessary at the hearing to resolve the expungement of records and files. [H]owever, should the court determine that his presence is required, petitioner requests he be allowed to proceed by telephone conference call.

Sepeda did not indicate what testimony he would have offered to assist the trial

court in determining whether to grant his motion. Further, as noted above, Sepeda filed his petition for expunction in January 2014. The petition was twice set for hearing, but at no time did Sepeda amend or supplement his petition to present any evidence demonstrating that the assault charge was dismissed or that Sepeda satisfied any of the other numerous requirements of article 55.01.

Nothing in this record demonstrates that Sepeda was prevented from presenting his case. *See A.S.*, 2015 WL 9583882, at *3; *Cephus*, 410 S.W.3d at 421. The trial court could have concluded Sepeda had not filed an expunction petition satisfying the statutory requirements of article 55.01, and therefore the only hearing required under this circumstance was the trial court's review of Sepeda's pleadings. *See A.S.*, 2015 WL 9583882, at *4 (affirming denial of motion for telephonic hearing on petition for expunction when inmate asserted that his presence was unnecessary but requested a teleconference in the event that the district court required his presence, there was no indication that inmate requested to participate by any other means, and the record did not indicate that the trial court prevented the inmate from participating by any other means).

Even if the trial court erred, any error would be harmless because there is no indication what Sepeda's testimony would have been. *See* Tex. R. App. P. 44.1(a) (appellant has the burden of showing that any trial court error probably caused the rendition of an improper judgment or prevented appellant from properly presenting the case to the court of appeals). We therefore overrule Sepeda's second issue.

10

## Conclusion

We overrule Sepeda's issues and affirm the trial court's judgment.


/s/    Ken Wise
       Justice


Panel consists of Justices Jamison, McCally, and Wise.