# NO. 12-18-00324-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 2ND* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *L.M.W.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety (DPS) appeals the trial court's order granting an expunction of L.M.W.'s arrest for public intoxication and deadly conduct. DPS presents two issues on appeal. We reverse and render.

### BACKGROUND

L.M.W. was arrested on October 24, 2016, and charged with deadly conduct and public intoxication. She completed a pre-trial diversion program for dismissal of the deadly conduct charge. She pleaded no contest to the public intoxication charge, for which she was convicted, sentenced to a fine of $215.00, and granted one day of jail time credit.

In March 2018, L.M.W. filed a petition to expunge any and all of the records arising from the October 2016 arrest. She alleged that the arrest did not result in a final conviction. DPS filed an answer and general denial asserting that L.M.W. did not qualify for expunction of her records because the October 24, 2016, arrest resulted in a final conviction for public intoxication. Copies of the information, arrest report, probable cause affidavit, final judgment, and payment receipts were attached to DPS's answer. After a hearing in which DPS did not participate and L.M.W. was the only witness, the trial court granted L.M.W.'s petition. This restricted appeal followed.

In its second issue, which is dispositive, DPS contends L.M.W. did not present legally sufficient evidence to support her assertion that the public intoxication charge did not result in a final conviction.

## Standard of Review

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; ***Ins. Co. of State of Penn. v. Lejeune***, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. ***Norman Commc'ns v. Tex. Eastman Co.,*** 955 S.W.2d 269, 270 (Tex. 1997); ***Flores v. Brimex Ltd. P'ship,*** 5 S.W.3d 816, 819 (Tex. App.–San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. ***Norman Commc'ns,*** 955 S.W.2d at 270; ***Flores***, 5 S.W.3d at 819. We review a trial court's order granting or denying a petition for expunction under an abuse of discretion standard. *See* ***Heine v. Tex. Dep't of Pub. Safety***, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." ***E.I. du Pont de Nemours & Co., Inc. v. Robinson***, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. ***Id.***

In our legal sufficiency review, we determine "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." ***City of Keller v. Wilson***, 168 S.W.3d 802, 827 (Tex. 2005); ***Basley v. Adoni Holdings, LLC***, 373 S.W.3d 577, 582 (Tex. App.—Texarkana 2012, no pet.). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable fact-finder could not. ***City of Keller***, 168 S.W.3d at 827. The evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence offered

to prove a vital fact; or (4) the opposite of the vital fact is conclusively established by the evidence. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). There is more than a scintilla of evidence when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

**Governing Law**

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements and has no equitable power to extend the clear meaning of the statute. *Harris Cty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure Article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2017). "The traditional and primary purpose of the expunction statute is to remove records of wrongful arrests." *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). Thus, the expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. *Id.* at 844; *see* BLACK'S LAW DICTIONARY 116, 248, 1110 (8th ed. 2004) (defining an "arrest," in pertinent part, as a "taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge," whereas a "charge" accuses someone of an offense, i.e., a "violation of the law").

**Analysis**

The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's expunction order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255; *Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.—Tyler 2001, no pet.) (DPS, as a state agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal); *see generally, Ex parte Hatzis*, No. 12–14–00199–CV, 2015 WL 1966668, at \*3 (Tex. App.—Tyler April 30, 2015, no pet.) (mem. op). Accordingly, we must determine whether error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255.

DPS contends that error is apparent from the face of the record because the evidence is legally insufficient to support the trial court's finding that L.M.W. was not convicted of public intoxication. At the hearing on her petition for expunction, L.M.W. testified that she was charged with deadly conduct, for which she was placed on pretrial diversion, but did not remember receiving a citation for Class C public intoxication. Nor did she recall speaking with a judge. She denied pleading guilty or no contest to a public intoxication charge or paying a fine.

However, for purposes of this restricted appeal, we review the entire case; the face of the record consists not only of the reporter's record, but all papers on file in the appeal. *See Norman Commc'ns,* 955 S.W.2d at 270. As we previously noted, DPS attached exhibits to its answer that demonstrate unequivocally that L.M.W. was convicted of public intoxication. The judgment states that L.M.W. waived a jury trial and pleaded "Nolo Cont" to public intoxication. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006) (plea of nolo contendere, with an exception not applicable here, has the same legal effect of a guilty plea). The court accepted the plea and assessed a fine of $248, with court costs of $67 for a total of $315. The court allowed L.M.W. to pay with a partial jail credit of $100, which left a balance of $215. The payment receipts show that $100 was paid with jail credit and $215 was paid by "company check." At the expunction hearing, the trial court acknowledged that DPS had filed an answer opposing expunction on grounds that the public intoxication charge resulted in a final conviction.

As the petitioner, L.M.W. bore the burden of demonstrating that all of the required statutory conditions for expunction had been met. *See S.J.*, 438 S.W.3d at 841. However, L.M.W.'s self-

4

serving testimony and her lack of memory created no more than a mere surmise or suspicion, and amounts to less than a scintilla of evidence, with respect to whether her 2016 arrest resulted in a final conviction. *See Chapman*, 118 S.W.3d at 751. As a result, L.M.W. did not present sufficient evidence to establish her entitlement to an expunction. *See Ex parte Gomez*, No. 07-14-00206-CV, 2016 WL 1274989, at *3 (Tex. App.—Amarillo Mar. 30, 2016, no pet.) (mem. op.) (papers provided by DPS as exhibits to its answer showed unequivocally that arrest resulted in a term of court-ordered community supervision for an offense of a higher degree than a Class C misdemeanor; thus, Gomez did not present evidence sufficient to establish entitlement to expunction); *see also Ex parte E.M.P.*, No. 07-17-00439-CV, 2019 WL 1303174, at *3 (Tex. App. Amarillo Mar. 21, 2019, no pet. h.) (op.) (same).

Furthermore, because L.M.W. failed to show that she was not convicted of public intoxication, and the deadly conduct charge arose from the same arrest, L.M.W. is not entitled to expunction of any records relating to her October 24, 2016, arrest. *See Ex parte Spencer*, No. 12-16-00118-CV, 2017 WL 1193590, at *2 (Tex. App.—Tyler Mar. 31, 2017, no pet.) (mem. op.) (Spencer not entitled to expunction because both charges arose from same arrest and drug paraphernalia charge resulted in a final conviction); *S.J.*, 438 S.W.3d at 844. For this reason, the trial court abused its discretion by granting L.M.W.'s petition for expunction. *See Walker*, 827 S.W.2d at 840; *see also Heine,* 92 S.W.3d at 646.

Under these circumstances, we conclude that error is apparent on the face of the record and that DPS is entitled to prevail in this restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255. Accordingly, we sustain DPS's second issue and need not address its first issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We *reverse* the trial court's judgment granting expunction of L.M.W.'s October 24, 2016, arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to L.M.W. be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 24, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 24, 2019**

**NO. 12-18-00324-CV**

**EX PARTE: L.M.W.**

Appeal from the 2nd District Court
of Cherokee County, Texas (Tr.Ct.No. A201800004)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment granting expunction of **L.M.W.'s** October 24, 2016 arrest, that judgment is **reversed** and judgment **rendered** denying expunction of **L.M.W.'s** October 24, 2016 arrest. All costs in this cause in this court be, and the same are, hereby adjudged against the Appellee, **L.M.W.**, for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*