

IN THE
TENTH COURT OF APPEALS

No. 10-17-00255-CV

EX PARTE C.L.F.

From the 85th District Court
Brazos County, Texas
Trial Court No. 16-002529-CV-85

## MEMORANDUM  OPINION

On October 3, 2016,[1] C.L.F. filed a petition to expunge the criminal records related

to three separate arrests:  (1) February 17, 2009[2] in Cause Number 09-00913-CRM-CCL2

for the misdemeanor offense of criminal mischief in an amount between $50 and $500; (2)

February 25, 2009 for speeding; and (3) September 16, 2009 for failure to appear.  C.L.F.

asserted that she was entitled to expunction because all of the charges were dismissed.

The Department of Public Safety filed an answer only as to C.L.F.'s arrests for criminal

mischief and speeding.  Copies of the information, the order of expunction, and other

---

[1] C.L.F. filed an amended petition on December 21, 2016, but no substantive changes were made.

[2] The date of arrest varies in the pleadings and record.  We use the date that appears in the Order granting expunction.

relevant court documents, were attached to DPS's answer. The trial court held a hearing on C.L.F.'s motion, at which time C.L.F. waived her request for expunction of the speeding arrest. DPS did not participate or appear at the hearing. After considering the exhibits and C.L.F.'s testimony,[3] the trial court granted C.L.F.'s petition. The trial court's expunction order applied only to the records and files related to C.L.F.'s arrests for criminal mischief and failure to appear. The order of expunction provided no factual basis for the trial court's decision.

DPS filed a restricted appeal of the trial court's order. *See* TEX. R. APP. P. 26.1(c); 30. In its sole issue, DPS argues that C.L.F. is not entitled to expunction of the criminal mischief arrest because she entered a no contest plea to, and was convicted of, a lesser-included offense. DPS does not challenge the order of expunction as it applies to C.L.F.'s arrest for failure to appear. The only arrest at issue in this appeal, therefore, is the one for criminal mischief.

C.L.F. has not filed an appellate brief. We reverse the trial court's order and remand the case for further proceedings.

### *Standard of Review*

A. Restricted Appeal. Pursuant to Rules 26.1(c) and 30 of the Texas Rules of Appellate Procedure, DPS may prevail in a restricted appeal only if it meets the following requirements:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of

---

[3] C.L.F. was the only witness who testified at the hearing.

and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); TEX. R. APP. P. 26.1(c) and 30. If a party files an answer but does not participate in person or through counsel at the hearing resulting in the expunction order, the party is not considered to have participated in the hearing. *See Ex parte L.M.W.*, 578 S.W.3d 191, 195 (Tex. App.—Tyler 2019, no pet.) (DPS was party to underlying suit by filing answer but did not participate in hearing); *see also Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 111 (Tex. App.—San Antonio 1997, no pet.) (participation at hearing by district attorney did not constitute participation by DPS). We have jurisdiction to consider DPS's appeal because it was a party to the underlying suit by filing an answer, and it did not participate in the expunction hearing. Only the fourth requirement, whether error is apparent on the face of the record, is at issue in this appeal.

B. Expunction. We review a trial court's ruling on a petition for expunction for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, and "without reference to guiding rules and principles." *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In deciding whether the trial court abused its discretion in making an expunction determination, we consider whether the trial court's ruling is supported by the evidence. *Ex parte Brown*, No. 14-17-00695-CV, 2018 WL 3977174, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem.

op.). "Where, as here, the trial court makes no separate findings of fact, we will draw every reasonable inference that is supported by the record in favor of the trial court's judgment." *J.H.J.*, 274 S.W.3d at 806. If the trial court's decision is based on a question of law, it is subject to *de novo* review. *T.S.N.*, 547 S.W.3d at 620.

### *Discussion*

The purpose of the expunction statute is to allow the records of a person who has been wrongfully arrested to be expunged. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). The right to expunction is neither a constitutional nor a common-law right, but rather a statutory privilege. *J.H.J.*, 274 S.W.3d at 806. An expunction cannot be granted unless the statutory requirements are satisfied. *Perdue v. Tex. Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex. App.—San Antonio 2000, no pet.). The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Harris Cty. Dist. Atty's Office v. M.G.G.*, 866 S.W.2d 796, 798 (Tex. App.—Houston [14th Dist.] 1993, no writ). The petitioner has the burden of proving that all statutory requirements have been met and proved in order to be entitled to expunction. *Williams*, 76 S.W.3d at 650; *J.H.J.*, 274 S.W.3d at 806.

C.L.F.'s testimony at the evidentiary hearing, and the records accompanying DPS's original answer, reflect that C.L.F. was arrested on February 17, 2009 for criminal mischief in an amount between $50 and $500, a Class B misdemeanor.[4] An information

---

[4] The face of the record in a restricted appeal consists "not only of the reporter's record, but all papers on file in the appeal." *L.M.W.*, 578 S.W.3d at 195.

was filed against C.L.F. in Cause Number 09-00913-CRM-CCL2 on February 25, 2009. Pursuant to a plea agreement, C.L.F. entered a plea of no contest to a reduced charge of criminal mischief in an amount between $20 and $50, a Class C misdemeanor, on August 21, 2009 in a new cause number — 2109-10864N. The trial court found C.L.F. guilty and sentenced her to pay a fine of $767.00. The original criminal mischief charge in Cause Number 09-00913-CRM-CCL2 was dismissed after C.L.F.'s sentencing.

> Art. 55.01, Code of Criminal Procedure provides in pertinent part:
>
> (a) A person who has been placed under a custodial or noncustodial arrest for commission of . . . a . . . misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor. . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a).[5]

The record reflects that the original charge against C.L.F. resulted in a final conviction for a lesser-included offense. As such, she is not entitled to expunction. *See Ex parte Vela*, No. 04-18-00464-CV, 2019 WL 1459429, at *4 (Tex. App.—San Antonio Apr. 3, 2019, no pet.) (mem. op.) (petitioner not entitled to expunction under article 55.01(a)(2) after pleading to lesser-included offense); *see also Ex parte McKinney*, No. 13-16-00197-CV, 2017 WL 1479454 (Tex. App.—Corpus Christi Apr. 20, 2017, no pet.) (mem. op.) (Class C

---

[5] The version of the statute in effect at the time C.L.F. filed her petition differs only in that it refers to "Article 42.12" rather than "Chapter 42A." *See* Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, sec.55.01, 2011 Tex. Gen. Laws 894.

misdemeanor conviction was lesser-included of Class B misdemeanor and precluded expunction).[6]  C.L.F. has failed to sustain her burden of proving that all statutory requirements have been met as the record reflects that her arrest for criminal mischief resulted in a final conviction.  The trial court erred, therefore, in granting expunction of C.L.F.'s criminal mischief arrest.

### *Conclusion*

We reverse the trial court's expunction order and remand the case to the trial court for further proceedings.


REX D. DAVIS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Order reversed and remanded
Opinion delivered and filed February 26, 2020
[OT06]



---

[6] After DPS's brief was filed, in which DPS argued in part that article 55.01(a) should be analyzed under an "arrest-based" rather than an "offense-based" approach, the Supreme Court disavowed "arrest-based" holdings.  *See T.S.N.*, 547 S.W.3d at 623.  Instead, the reviewing court should look at the totality of the circumstances surrounding the arrest and each related offense.  *Id.*  However, *T.S.N.* involved only subsection (a)(1) of article 55.01.  *Id.* at 618-19.  The Supreme Court expressly noted that "[t]he expunction scheme under subsection (a)(2) is not at issue, and we express no opinion about it."  *Id.*; *see also Ex parte Petitto*, No. 04-18-00539-CV, 2019 WL 3432100, at *4 (Tex. App.—San Antonio July 31, 2019, pet. filed) (op. on r'hrg).  Subsection (a)(2) is applicable in this appeal.  Additionally, *T.S.N.* involved one arrest encompassing two separate, unrelated offenses.  *T.S.N.* is not, therefore, pertinent to the present appeal.