# NO. 12-21-00193-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT DONALD BRITT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Robert Donald Britt, acting pro se, filed a notice of restricted appeal under Texas Rule of Appellate Procedure 30, seeking to appeal from a judgment of conviction in which sentence was imposed on May 3, 2021. On October 27, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., this is a criminal case and Rule 30 pertains to restricted appeals in civil cases. *See* TEX. R. APP. P. 30. We informed Appellant that the appeal would be dismissed unless the information was amended on or before November 8 to show this Court's jurisdiction. In response, Appellant states that Rule 30 has been applied to expunction proceedings. *See, e.g,* ***Ex parte L.M.W.***, 578 S.W.3d 191, 194-95 (Tex. App.—Tyler 2019, no pet.) (restricted appeal from expunction order; "Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure"). Appellant equates revocation proceedings, such as the case at hand, with expunction proceedings and argues that a revocation proceeding is civil in nature, therefore, Rule 30 should apply.

A revocation hearing is neither civil nor criminal; rather, it is an administrative proceeding. *See* ***Cobb v. State***, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc). But assuming, without deciding, that Rule 30 applies to the instance case, Appellant would still not be entitled to appeal. Rule 30 provides, "A party *who did not participate*--either in person or

through counsel--in the hearing that resulted in the judgment complained of *and who did not timely file a postjudgment motion* or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)." Tᴇx. R. Aᴘᴘ. P. 30 (emphasis added). According to the judgment adjudicating guilt, Appellant appeared at the revocation hearing with his counsel.[1] The record also demonstrates that Appellant filed a timely motion for new trial. Thus, Appellant participated in the hearing that resulted in the judgment complained of and filed a timely postjudgment motion. Consequently, even if the right to a restricted appeal were available under the circumstances of this case, Appellant would be unable to avail himself of a restricted appeal.[2] For this reason, we **dismiss** this appeal for **want of jurisdiction**.

Opinion delivered November 17, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] We take judicial notice of the Clerk's Record in one of Appellant's related appeals, appellate cause number 12-21-00166-CR. *See* **Britt v. State**, No. 12-21-00166-CR, 2021 WL 4898771 (Tex. App.—Tyler Oct. 20, 2021, no pet. h.) (mem. op., not designated for publication) (per curiam) (dismissing appeal for want of jurisdiction where notice of appeal untimely filed); *see also* **Fletcher v. State**, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007) (appellate court may take judicial notice of own records in same or related proceedings involving same or nearly same parties).

[2] Appellant could seek permission from the court of criminal appeals to pursue an out-of-time appeal. *See* **Ater v. Eighth Court of Appeals**, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also* **Kossie v. State**, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 17, 2021**

**NO. 12-21-00193-CR**

**ROBERT DONALD BRITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1061-17)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*